# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| TERRY REASONER | § | |
| | § | |
| vs. | § | CASE NO. 6:15cv1042 |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER
## ON MOTION FOR ATTORNEY'S FEES
## PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

On November 24, 2015, Plaintiff Virginia Reasoner initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying an application for Social Security benefits. Upon Virginia Reasoner's death, her husband, Terry Reasoner was substituted as the plaintiff. The matter was referred for findings of fact, conclusions of law and recommendations for the disposition of the matter pursuant to 28 U.S.C. § 636(b)(1).

### Background

The Court entered an Order on September 20, 2017 reversing the Commissioner and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff then filed a Motion for Award of Attorney Fees and Expenses (ECF 34) on December 19, 2017. Plaintiff seeks an award of $6,059.38 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). The Commissioner did not file a response to the motion.

1

**Discussion**

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a "prevailing party," that the Commissioner's position was not "substantially justified," that no "special circumstances make an award unjust," and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Commissioner INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); 28 U.S.C. § 2412(d)(1). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Commissioner has the burden of proving that his position was "substantially justified" in this matter and he has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not alleged or shown special circumstances that would render an award unjust.

The hourly attorney rate sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that an increase in the hourly rate is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. Plaintiff's requested monthly rates range from a low of $188.75 per hour in November 2015 to a high of $192.20 per hour for October 2016. The Court finds the requested rates to be reasonable.

### Conclusion

In the interest of ensuring adequate representation for those who need it and to minimize the cost of that representation to taxpayers, the Court concludes that Plaintiff's Motion for Award of Attorney Fees and Expenses should be granted. Plaintiff should be awarded the requested $6,059.38 in attorney and paralegal fees.

Plaintiff did not request any amount for expenses. Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 530 U.S. 586, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010). After due consideration, it is hereby

**ORDERED** that the Motion for Award of Attorney Fees and Expenses (ECF 34) is **GRANTED**. The Commissioner shall pay Plaintiff for fees incurred totaling **$6,059.38** pursuant to the EAJA, 28 U.S.C. § 2412(d).

So ORDERED and SIGNED this 18th day of January, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE